No. 1730.—Degelos, Durrive & Co. *v.* Emily Woolfolk.

Where a commercial firm has obtained judgment against a debtor, and the firm is afterwards dissolved by the death of two of the partners, and the survivor forms a new partnership with two other parties, and judgment is obtained against the new firm, on which execution issues, only the interest of the surviving partner in the judgment in favor of the old firm can be reached by seizure. The other interests in such judgment belong to the heirs or creditors of the deceased partners, and cannot be made liable for the debts of the new firm.

The plea of *res judicata* will not be maintained unless the parties to the first judgment are the same as those of the second.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Elmore & King*, *Alfred Shaw*, and *Simonds & Gayarre* for appellants. *P. H. Morgan* for appellees.

Taliaferro, J. The conflicting claims of various creditors for the proceeds of the property of their debtor, sold under executions, form the subject of this litigation.

The case is brought before us from the Second District Court of New Orleans on appeal from a judgment on a rule taken by the administrator of Mill on Sheriff Hays to show cause why he should not pay over to him two thousand and fifty-six dollars, with costs, out of the funds in his hands collected in the suit of E. Durrive *v.* Emily Woolfolk. The rule was made absolute. Shaw, a predecessor of Hays in the sheriffalty, and two of the contestants, Lanata and Mrs. Gayarre, have appealed.

Edward Durrive, as liquidator of the firm of Degelos, Durrive & Co., obtained a judgment in May, 1858, against the defendant, Mrs. Woolfolk, for about eight thousand dollars, with interest.

In 1864, Hernandez, a creditor of the defendant, brought suit against her on his claims, and attached fifty bales of her cotton.

Subsequently to the attachment of Hernandez, Durrive, the liquidator, seized the same cotton under *fi. fa.* issued on his judgment, and the sheriff, proceeding under this writ and also under one issued in the suit of Hernandez, sold the cotton, and by consent of parties, retained the money in his possession subject to the final decree of court.

The suit of Hernandez was instituted in the Sixth District Court of New Orleans. Durrive, liquidator, intervened in that suit, and moved that the funds in the hands of the sheriff be paid to him in

preference to Hernandez. The court decided in favor of Hernandez.
The liquidator appealed, and this Court reversed the decision on the
ground that the attachment was illegally taken out by Hernandez.
This disposed of his claim, and he disappeared from the contest.

Mrs. Gayarre had obtained a judgment in the Fourth District Court
against E. Durrive & Co., and issued execution upon it. The same
funds were seized under this writ. Victor Rommage had obtained a
judgment against E. Durrive & Co. in the Third District Court, and
he also seized, under *fi. fa.*, the money in controversy in the hands of
the sheriff. He took a rule upon the sheriff to show cause why he
should not pay the funds to him. Mrs. Gayarre intervened by third
opposition, claiming to be paid by preference. Mrs. Rosalie Harris,
wife of E. Durrive, junior, also intervened and claimed the funds.

P. H. Morgan, as the attorney of E. Durrive & Co., appeared and
moved the transfer of the cause to the Second District Court. This
motion was overruled. The court ordered that the sheriff pay over all
the funds in his hands to Mrs. Gayarre after paying to P. H. Morgan
three hundred dollars for professional services rendered the liquidator.
The administrator of Rommage was the only one of the parties who
appealed. His appeal was dismissed.

Here the scene changed to the Second District Court. The counsel
for Michel Hébert, administrator of the estate of Thomas Mill, for-
merly a partner of the house of Degelos, Durrive & Co., had, as we
have before seen, taken rule on the sheriff to show cause why he
should not pay to the administrator of Mill's estate two thousand and
fifty-six dollars and costs. A new contestant entered the list. Domi-
nique Lanata intervened and claimed the money in the sheriff's hands.
Soon after Mrs. Gayarre appeared and excepted to the proceedings on
the ground that the Third District Court had rendered a judgment in
her favor, ordering the sheriff to pay over to her the funds in his hands;
that she had issued execution on that judgment; that it could not be
interfered with, nor the execution stayed except by injunction taken
out under oath and by giving security according to law. This excep-
tion was overruled. The Court awarded to Mrs. Gayarre one-third of
the funds seized, and two-thirds to the heirs of Mill.

The three appellants from this judgment are the sheriff Shaw; La-
nata and Mrs. Gayarre. The sheriff and Mrs. Gayarre set up in this
Court the plea of *res judicata*.

The opponent Lanata alleges that the proceeds of the sale of cot-
ton, seized by Durrive, liquidator, belong to him in right of his seiz-
ure of the funds under *fi. fa.* issued on his judgment against Mrs.
Emily Woolfolk, for the reason that the judgment of Degelos, Durrive
& Co. against Mrs. Woolfolk had become extinct by novation. He
averred that the liquidating partner of the firm of Degelos, Durrive
& Co. had received, in payment of the judgment, the acceptances of

Messrs. Fellowes & Co. by an arrangement with that house, and that the original debt of Mrs. Woolfolk to Degelos, Durrive & Co. did not exist when the liquidating partner issued execution on the judgment and seized the fifty bales of cotton.

These allegations of Lanata are not sustained by the evidence. Durrive, the liquidator, and Judge Labauve, who testified in the case as witnesses, state that, by the arrangement, the liquidator of the partnership was not to subrogate Fellowes & Co. to the judgment against Mrs. Woolfolk until the acceptances were fully paid. Judge Labauve, who was counsel for one of the parties, drew up the agreement, and he states that it was expressly understood, and so reduced to writing, that no novation was to take place. It seems that eight hundred dollars were paid by Fellowes & Co., and nothing beyond that; and it does not appear that they have ever claimed any right in the judgment.

It is in proof that the original firm of Degelos, Durrive & Co. was dissolved by the death of Degelos and Mill, and took place in 1856 or 1857. Subsequently, a new firm was established, composed of Edward Durrive, senior, F. Durrive, and Edward Durrive, junior. The style of this firm was E. Durrive & Co. The firm of Degelos, Durrive & Co. was composed of Edward Durrive, senior, Degelos and Mill—Edward Durrive being the only one of the original firm who became a partner in the new firm. It appears that the judgment of Mrs. Gayarre was obtained against the firm of E. Durrive & Co., and not against the firm of Degelos, Durrive & Co. It results, then, that her seizure could only reach the share and interest that Edward Durrive had in the original judgment of Degelos, Durrive & Co. against Mrs. Woolfolk, from having been a partner of that firm. That interest was a third. The other two-thirds were consolidated and were owned by Mill.

The plea of *res judicata* cannot avail the opponents who set it up. The parties were not the same. In the Third District Court, which directed all the proceeds of the cotton to be paid over to Morgan and Mrs. Gayarre, the administrator of Mill did not appear, nor was he cited. P. H. Morgan appeared as counsel of E. Durrive & Co. Two-thirds of the money belonged to Mill's estate. Mrs. Gayarre's judgment was against E. Durrive & Co. She was not the creditor of the firm of Degelos, Durrive & Co. The estate of Mill owed her nothing. She could not, by alleging that the funds belonged to E. Durrive & Co., her debtors, grasp more than the one-third of the funds, and that by reason of one of that firm owning a third interest of the debt of Mrs. Woolfolk to Degelos, Durrive & Co.

We think the controversy was properly settled by the court below, and that justice has been done between the parties.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both courts.